**Emilcar BERMUDEZ,**
**Petitioner-Appellee,**

v.

**Theodore REID, Superintendent, and Robert Abrams, Attorney General, State of New York, Respondents-Appellants.**

**Docket No. 83–2272.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 4, 1983.

Decided Nov. 1, 1983.

George C. Perry, Asst. Atty. Gen. of the State of New York, New York City (Robert Abrams, Atty. Gen. of the State of New York, New York City, of counsel), for respondents-appellants.

Emilcar Bermudez, petitioner-appellee, pro se.

Before CARDAMONE, PIERCE and PRATT, Circuit Judges.

PER CURIAM:

While this court rarely uses a formal opinion to dispose of a procedural motion, we think that our denial of the Attorney General's motion for a stay pending appeal warrants written explanation, because the effect of our action is to require the state to release from prison a convicted felon who has served only four of the five years of his minimum sentence. Just as Judge Stewart found below that the Attorney General's inattention to this habeas corpus petition required a default judgment, we, too, feel that respondent's lack of diligence in handling this proceeding, coupled with the absence of irreparable harm and a balance of equities tipping in petitioner's favor, requires denial of this motion for a stay pending appeal.

Petitioner Emilcar Bermudez was convicted in state court of second degree robbery and sentenced to five to ten years' imprisonment for operating a game of "three card monte". The Attorney General tells us that Bermudez had previously been convicted of attempted robbery, attempted assault, and an assortment of gambling and assault convictions, but he offered us no

further details about those other convictions.

On January 25, 1983 Bermudez filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 (1976), alleging eight separate grounds for relief. On March 29, 1983 the district court ordered respondents to file an answer within thirty days. On May 9, over a week after the deadline had passed, the Attorney General wrote the district court, seeking a "brief" extension of time until May 20, 1983, because of his heavy work load. Judge Stewart granted the request. In the meantime, Bermudez had moved for summary judgment based on respondents' failure to answer. Since an extension had already been granted when the court received Bermudez's motion, his motion was denied without prejudice to renewal.

When May 20th passed without any communication from the Attorney General, Bermudez renewed his motion by letter dated May 27, 1983. On June 3, now two weeks after the extension had expired, and without word of any kind having been received from respondents, the district court called the Attorney General's office. Again citing their heavy workload, the Attorney General requested a second extension to file an answer, this time until June 9, 1983. Once more, the court granted the extension, but warned the Attorney General that his "failure to communicate with the court about the overdue answer was deemed troubling." The court told the Attorney General to notify the court if any doubt arose as to his ability to submit an answer by June 9.

On June 16, no answer or further request for an extension of time had been made. The court again called the Attorney General and told him "that his failure to communicate with the court in the face of a now repeatedly overdue answer was deemed a matter of serious concern." Although the Attorney General offered no explanation, the court permitted a third extension, this time to June 24, 1983, a date suggested by the Attorney General, who was told that it was the "final" date by which an answer could be filed. When over a month after the "final" deadline had passed and the Attorney General had not responded in any way, the district court, by formal opinion dated July 28, 1983, 570 F.Supp. 290, granted a default judgment to Bermudez and directed the state to either retry Bermudez within sixty days or release him.

On August 15, respondents moved to vacate the default judgment and for a stay. Both motions were denied by the court. Respondents appealed to this court and moved for a stay of the default judgment pending appeal. On September 26, the last day by which respondents were to have retried Bermudez or released him, a judge of this court granted a temporary restraining order pending consideration of respondents' motion for a stay pending appeal by a full panel of this court.

Judge Stewart granted the default judgment under Fed.R.Civ.P. 55. Recognizing a conflict in other circuits over whether Rule 55 is available in habeas actions, he concluded that a default against the state may be entered "in appropriate circumstances". Circumstances were appropriate in this case, he decided, because: (1) Bermudez had stated at least one valid constitutional claim and his claim had been exhausted in state court; (2) while petitioner had diligently sought to have his claims heard, the Attorney General had been "dilatory in the extreme"; (3) the Attorney General, despite clear admonitions that he do so, had not communicated with the court on the three occasions when he ignored court imposed deadlines; (4) the Attorney General had been dilatory and casual about missing deadlines in the past; and (5) Bermudez had served a substantial amount of his sentence. In these circumstances, the court granted the default judgment stating "the State shall retry or release the petitioner within 60 days." The state has declined to retry petitioner and has chosen to appeal the judgment of default.

Not directly before us on this motion are the merits of that appeal. We do note, however, that one who seeks to overturn on appeal the denial of a motion to vacate a

default judgment bears a substantial burden of showing that the district judge abused his discretion or was "clearly wrong". *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2693 at 472–474 (2d ed. 1983) and cases cited thereat.

We also consider that federal habeas review of state court convictions is intended to provide " 'a swift and imperative remedy in all cases of illegal restraint or confinement.' " *Fay v. Noia,* 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963) (*quoting Secretary of State for Home Affairs v. O'Brien,* [1923] A.C. 603, 609 (H.L.)). A habeas claim should receive "a swift, flexible, and summary determination". *Preiser v. Rodriguez,* 411 U.S. 475, 495, 93 S.Ct. 1827, 1839, 36 L.Ed.2d 439 (1973). Congress has required that habeas claims be addressed "forthwith", 28 U.S.C. § 2243 (1976), and has allowed only forty days as the time in which a habeas answer must be filed, Fed.R.Civ.P. 81(a)(2), a period that some courts have regarded as a mandatory deadline that may not be exceeded. *See, e.g., United States ex rel. Mattox v. Scott,* 507 F.2d 919, 923 (7th Cir.1974); *Allen v. Perini,* 291 F.Supp. 144 (N.D.Ohio 1968), *vacated,* 424 F.2d 134 (6th Cir.1970), *cert. denied,* 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). If the writ of habeas corpus is not to be reduced to a sham, both the court and the respondent must act without unnecessary delay.

To obtain a stay pending appeal the applicant is required to show a likelihood of prevailing on the merits of the appeal, and we assume, without deciding, that such a likelihood is established here. In addition, however, the applicant must show irreparable injury if the relief is not granted, and a balance of equities in favor of the applicant. The only irreparable injury asserted by the state is that without a stay Bermudez will be released from prison some eleven months prior to the expiration of his minimum sentence. No claim has been made that, when released, Bermudez is likely to flee the jurisdiction. From all that appears on this motion, should Bermudez be released pending appeal, and should the default judg-

ment be vacated, and should the state thereafter succeed on the merits in having the habeas corpus petition dismissed, Bermudez then could complete the unexpired portion of his sentence. Thus, irreparable injury has not been established. Moreover, the balance of equities tips significantly in Bermudez's favor, because in the event the state is unsuccessful in vacating the default judgment on appeal, then Bermudez would have been required to serve additional jail time beyond the date when he was legally entitled to his liberty.

Therefore, we deny the Attorney General's application pending appeal and direct that Emilcar Bermudez be released from custody forthwith.

### ORDER ON RECONSIDERATION

By motion for reconsideration the Attorney General brought to our attention additional information concerning the gravity of the offense of which defendant was convicted. In light of that information we grant the motion for reconsideration, and upon reconsideration we grant the Attorney General's motion for a stay of the district court's judgment of July 28, 1983 pending determination of the appeal, and order that the appeal be expedited on the following schedule:

Appellant's brief and appendix to be served and filed by 5:00 P.M. on Friday November 4, 1983.

Appellee's brief to be served and filed by 5:00 P.M. on Tuesday November 8, 1983.

Oral argument on Thursday November 10, 1983.

SO ORDERED.