**Arnold I. KRAMER, Petitioner,**

v.

**O.C. JENKINS, Warden, United States Parole Commission, Respondents.**

**No. 85 C 9926.**

United States District Court,
N.D. Illinois, E.D.

Dec. 19, 1985.

---

8. Fed.R.Civ.P. 60(b)(1).

Arnold I. Kramer, Chicago, Ill., for petitioner.

William F. Murphy, Asst. U.S. Atty., Chicago, Ill., for respondents.

1. 28 U.S.C. § 2243 provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

In addition, Fed.R.Civ.P. 81(a)(2) provides:

The writ of habeas corpus, or order to show cause, shall be directed to the person having custody of the person detained. It shall be returned within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. § 2254 shall not exceed 40 days, and in all other cases shall not exceed 20 days.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This matter is before the court on the emergency motion of petitioner, Arnold I. Kramer, for clarification and correction of the court's Minute Order of December 5, 1985. For the reasons set forth below, Mr. Kramer's motion is denied.

The court issued the December 5, 1985 Minute Order in response to Mr. Kramer's Petition for Writ of Habeas Corpus. The entire text of the Minute Order is as follows:

Respondents are ordered, pursuant to Rule 4 of the Supreme Court Rules Governing Section 2254 Cases in the United States District Courts, to answer or otherwise plead by January 3, 1986.

In his motion, Mr. Kramer objects to the Minute Order, contending that (1) he is in federal, not state, custody; (2) 28 U.S.C. § 2254 deals only with persons in state custody; (3) his Petition for Writ of Habeas Corpus is brought pursuant to 28 U.S.C. § 2241; (4) the requirements set forth in 28 U.S.C. § 2243,[1] rather than Rule 4[2] of the Supreme Court Rules Governing Section 2254 Cases in the United States District Courts ("2254 Rules"), apply; and (5) the court should correct the December 5, 1985

2. Rule 4 of the 2254 Rules provides:

The original petition [for writ of habeas corpus] shall be presented promptly to a judge of the district court in accordance with the procedure for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

Minute Order to require that respondents make a return by no later than December 28, 1985.

■ Mr. Kramer correctly characterizes the nature of his custody and the scope of 28 U.S.C. § 2254. However, the court denies Mr. Kramer's motion, and finds the application of Rule 4 proper, under Rule 1(b) of the 2254 Rules. Rule 1(b) provides that, in applications for habeas corpus *under sections other than section 2254*, district courts may, in their discretion, apply the 2254 Rules. Therefore, although Mr. Kramer's petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules. Under Rule 4, the district court, in its discretion, fixes a time limit within which the respondent must answer.

■ The court may properly apply Rule 4 of the 2254 Rules despite the conflict between Rule 4 and both 28 U.S.C. § 2243 and Fed.R.Civ.P. 81(a)(2). The Supreme Court promulgated the 2254 Rules pursuant to 28 U.S.C. § 2072, which empowers the Court to prescribe rules of practice and procedure for federal district courts. Section 2072 provides that such rules "shall not abridge, enlarge or modify any *substantive* right." (Emphasis added.) Section 2072 also provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," and that nothing in Title 28 "shall in any way limit, supercede, or repeal any such rules heretofore prescribed by the Supreme Court." Thus, in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail.[3]

**3.** *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), which Mr. Kramer cites in his memorandum in support of his emergency motion for clarification and correction, does not require a different conclusion. In that case, the petitioner sought a writ of habeas corpus under 28 U.S.C. § 2254, contending that the police lacked probable cause when they arrested him, and that the taint of the unlawful arrest had not yet dissipated when the Government obtained an identification of, and confession from, the petitioner. The district court issued an order on October 21, 1975, directing that the petitioner be released from custody. The court did not hold an evidentiary hearing, but based its decision on the basis of the petition, the respondent's motion to dismiss, and the state court record.

On November 18, 1975, 28 days after the district court's order, the respondent filed a motion to stay the execution of the writ of habeas corpus and to conduct an evidentiary hearing. The district court granted a stay of execution and set a date for an evidentiary hearing. The petitioner objected, asserting that, under Federal Rules of Civil Procedure 52(b) and 59, the period of time for a motion for a new trial or to alter or amend a judgment had already elapsed when the respondent filed the motion for a stay and an evidentiary hearing.

After the evidentiary hearing, the district court ruled that the writ of habeas corpus was properly issued on October 21, 1975, and denied the motion for reconsideration. The respondent filed a notice of appeal on January 26, 1976. The petitioner contended that the court of appeals lacked jurisdiction to review the October 21, 1975 order granting relief, since the respondent's notice of appeal was not filed within 30 days of that order, and the time for appeal had not been tolled by the respondent's untimely post-judgment motion. The court of appeals did not address this question, but instead reversed the district court, holding that the police did have probable cause to arrest the petitioner.

The Supreme Court reversed, finding that the October 21, 1975 order was a final order and the time for appeal commenced to run on that date. Therefore, the respondent's notice of appeal was untimely by 68 days, unless the respondent's motion of November 18 tolled the time for appeal under Fed.R.App.Pro. 4(a). An untimely motion for rehearing does not toll the time for appeal under Rule 4(a). The respondent sought to avoid the conclusion that his November 18, 1975 motion was untimely under Fed.R.Civ.P. 52(b) and 59 by asserting that the Federal Rules of Civil Procedure are wholly inapplicable in habeas proceedings. The Supreme Court, however, ruled that habeas corpus is a civil proceeding and the Federal Rules of Civil Procedure therefore apply to habeas proceedings.

It is in this context that the Supreme Court referred to Fed.R.Civ.P. 81(a)(2). The Court noted that the procedure for habeas petitions is set out in the habeas corpus statutes, and that Rule 81(a)(2) recognizes the supremacy of the statutory procedures over the Federal Rules of Civil Procedure. Quoting from Rule 81(a)(2), the Supreme Court stated that "the Federal Rules of Civil Procedure apply in habeas proceedings only 'to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.'" *Browder*, 434 U.S. at 269, 98 S.Ct. at 563.

Clearly, this passage does not require the court to find the habeas corpus statutes superior

In addition, Rule 4 conflicts with Fed.R. Civ.P. 81(a)(2), which the Supreme Court also prescribed pursuant to its section 2072 authority.[4] The Supreme Court promulgated Rule 81(a)(2) in 1971; Rule 4 of the 2254 Rules, in 1976. It is clear from Rule 11 of the 2254 Rules and the case of *Clutchette v. Rushen*, 770 F.2d 1469 (9th Cir.1985), that the Supreme Court intended to allow district courts to bypass the time limits of Rule 81(a)(2) when it promulgated Rule 4 of the 2254 Rules.

■ Rule 11 of the 2254 Rules provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the 2254 Rules, may be applied, when appropriate, to petitions filed under the 2254 Rules. Rule 81(a)(2) is a Federal Rule of Civil Procedure. It is inconsistent with the 2254 Rules to the extent that it establishes a time limit within which the respondent must answer, whereas Rule 4 of the 2254 Rules allows the district court to set this time limit in its discretion. Therefore, district courts may disregard the time limits in Fed.R.Civ.P. 81(a)(2) in habeas corpus petitions to which the 2254 Rules apply.

Also, in *Clutchette*, the petitioner sought a writ of habeas corpus under 28 U.S.C. § 2254. On November 15, 1982, the district court ordered the respondent to show cause, within 30 days, why the petition should not be granted. On December 28, 1982, the respondent requested an extension of time, which the court granted. The

respondent filed its answer on January 12, 1983, ninety-five days after the court issued the order to show cause.

On appeal, Clutchette, the petitioner, contended that the forty-day time limit for section 2254 cases in Rule 81(a)(2) is mandatory; therefore, the district court did not have discretion to grant an extension that exceeded forty days. The court rejected Clutchette's argument, and held that under Rule 4, district courts may disregard the forty-day time limit of Rule 81(a)(2).[5]

Mr. Kramer's petition is not under section 2254, as was Mr. Clutchette's petition. The time limit in Rule 81(a)(2) that applies to Mr. Kramer's petition is the twenty-day time limit for cases brought under sections other than section 2254, not the forty-day time limit for section 2254 cases. As stated above, however, Rule 1 of the 2254 Rules clearly allows district courts to apply the 2254 Rules, including Rule 4, to habeas petitions under sections other than section 2254. In light of this fact, and in light of Rule 11 of the 2254 Rules, the court now extends *Clutchette*, and finds that Rule 4 of the 2254 Rules allows district courts to disregard, in their discretion, the twenty-day time limit in Rule 81(a)(2), as well as the forty-day time limit. Rule 4 therefore prevails in the conflict between Rule 4 of the 2254 Rules and Fed.R.Civ.P. 81(a)(2).

For the reasons stated, the court denies Mr. Kramer's emergency motion for clarifi-

---

to the 2254 Rules. The *Browder* Court found the habeas corpus statutes superior to the Federal Rules of Civil Procedure by virtue of Fed.R. Civ.P. 81(a)(2). The Court made no finding concerning the 2254 Rules, which became effective a year before the *Browder* decision, but did not apply to the *Browder* petition because it was filed before 1977. *Id.*, 434 U.S. at 265, 98 S.Ct. 561. Also, the 2254 Rules contain no provision, similar to Fed.R.Civ.P. 81(a)(2), which declares that the habeas corpus statutes take precedence over the 2254 Rules. Therefore, under 28 U.S.C. § 2072, which, obviously, is a statutory provision itself, the 2254 Rules take precedence over the habeas corpus statutes.

**4.** For the text of Rule 81(a)(2), see, *supra*, n. 1.

**5.** In so holding, the court relied heavily on an advisory committee note, which provides:

In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices ... additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Rule 4 of the 2254 Rules advisory committee note (citation omitted).

cation and correction of the court's December 5, 1985 Minute Order. The court reiterates that the respondents must answer or otherwise plead by January 3, 1985.