**Thelma WYANT, Petitioner,**

v.

**Dan EDWARDS, Acting Warden, Federal Prison Camp, Alderson, West Virginia, and Bureau of Prisons, an agency of the United States, Respondents.**

Civil Action No. 1:97–0023.

United States District Court, S.D. West Virginia.

Jan. 28, 1997.

Hunt Charach, Federal Public Defender, Charleston, WV, for petitioner.

Rebecca Betts, United States Attorney, Charleston, WV, for respondents.

## *MEMORANDUM ORDER*

FEINBERG, United States Magistrate Judge.

This is a habeas corpus case filed by a federal prisoner pursuant to the provisions of 28 U.S.C. § 2241, challenging the decision by the Bureau of Prisons to deny Petitioner eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B).

Pending before the Court is Respondents' Motion to Reconsider Time Frame Order, which seeks additional time in which to file a Response to the Order to Show Cause entered January 13, 1997. Respondents previously filed a Motion to Extend Time, which was granted in part and denied in part, and a Response was ordered to be filed by February 5, 1997.

In the Order disposing of the Motion to Extend Time, the Court applied the provisions of 28 U.S.C. § 2243, and of Rule 81(a)(2), Fed.R.Civ.Pro., which Rule provides that a writ of habeas corpus "shall be returned within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. § 2254 shall not exceed 40 days, **and in all other cases shall not exceed 20 days.**" [Emphasis added.]

Respondents' pending Motion to Reconsider points out that *Kramer v. Jenkins,* 108 F.R.D. 429, 432 (N.D.Ill.1985), addresses Rule 81(a)(2), and holds that "the Supreme Court intended to allow district courts to bypass the time limits of Rule 81(a)(2) when it promulgated Rule 4 of the 2254 Rules." (Motion, at 2.) According to Shepard's, *Kramer* has not been cited by any other published case. Petitioner did not object to the previous Motion to Extend Time.

The *Kramer* case reasons that Rule 1(b) of the § 2254 Rules states as follows: "In applications for habeas corpus in cases not covered by subdivision (a), habeas rules may be applied at the discretion of the United States district court." Therefore, the case asserts, a § 2241 habeas corpus case is one not covered by Rule 1(a) of the § 2254 Rules, and is one covered by Rule 1(b). In particular, the *Kramer* case holds that the district court may apply, in its discretion, Rule 4 of the § 2254 Rules, which states, in pertinent part, that "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." 108 F.R.D. at 431. *Kramer* then asserts that the enabling statute for promulgation of rules, 28 U.S.C. § 2072, provides that "all laws in conflict with such rules shall be of no further force or effect after such

rules have taken effect." Therefore, Rule 4 of the § 2254 Rules prevails over 28 U.S.C. § 2243. *Id.* *Kramer* holds that Rule 4 of the § 2254 Rules also prevails over Rule 81(a)(2), Fed.R.Civ.Pro. because Rule 81 was promulgated in 1971, and Rule 4 in 1976. *Id.* at 432.

 The Court recognizes that 28 U.S.C. § 2243 and Rule 81(a)(2) set time limits that may be unrealistic, given the volume of prisoner habeas corpus litigation (and the inexpensive filing fee of $5.00). However, habeas corpus is intended to provide "a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia,* 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963). Habeas corpus claims should receive "a swift, flexible, and summary determination." *Preiser v. Rodriguez,* 411 U.S. 475, 495, 93 S.Ct. 1827, 1839, 36 L.Ed.2d 439 (1973).

Given this background and policy, the Court has engaged in considerable research, with the invaluable assistance of the Librarian of the U.S. Court of Appeals for the Fourth Circuit and the Rules Committee Support Office of the Administrative Office of the U.S. Courts, attempting to learn the origin and meaning of Rule 1(b) of the 2254 Rules. That research has yielded some information, but not a definitive answer.

The Supreme Court suggested that procedural rules for habeas corpus be promulgated in *Harris v. Nelson,* 394 U.S. 286, 300 n. 7, 89 S.Ct. 1082, 1091 n. 7, 22 L.Ed.2d 281 (1969) ("the rule-making machinery should be invoked to formulate rules of practice with respect to federal habeas corpus and § 2255 proceedings, on a comprehensive basis and not merely one confined to discovery"). It appears that the original version of Rule 1, proposed September 23, 1971, addressed only "persons in custody pursuant to the judgment of a state court, or subject to such custody in the future." On September 6, 1973, Professor Paul M. Bator of the Law School of Harvard University wrote to Professor Frank J. Remington of the University of Wisconsin Law School and other members of the committee which proposed the 2254 Rules, and pointed out that the Rules did not address Section 2241 petitions. Professor

Bator wrote, "the Rules should at least explicitly tell us why they do not cover these cases, and what procedure is contemplated for them."

When a Preliminary Draft of the proposed 2254 Rules was published, Rule 1 continued to address "persons in custody pursuant to the judgment of a state court" and "persons in custody pursuant to the judgment of a state or federal court for a determination that custody to which they may be subject in the future under another judgment of a state court," but did not address § 2241 petitions. The Advisory Committee Note stated that "[b]asic scope of habeas is prescribed by 28 U.S.C. § 2241(c) and 28 U.S.C. § 2254." The rest of the Note on proposed Rule 1 concerned the issue of "custody."

When Proposed Habeas Corpus Rules were again published, this time on June 3, 1974, Rule 1 retained the language of the Preliminary Draft. On August 14, 1974, two alternative provisions for Rule 1 were proposed. Alternative No. 1 defined "custody pursuant to a judgment of a state court" in subsection (b), and then added subsection (c), as follows:

(b) "Custody Pursuant to a Judgment of a State Court" Defined. For purposes of these rules, a person is in custody pursuant to a judgment of a state court if he is in custody pursuant to a judgment of either a state or a federal court and makes application for a determination that custody to which he may be subject in the future under a judgment of a state court will be in violation of the Constitution.

(c) Other Situations. In applications for habeas corpus in other cases not covered by subdivision (a) or (b), these rules may be applied at the discretion of the United States District Court.

Alternative No. 2 omitted the definition of "custody pursuant to a judgment of a state court," and retained the "Other Situations" language.

In the Minutes of the Meeting of the Advisory Committee on the Federal Criminal Rules of August 28, 1975, at page 25, Professor Remington (the recipient of Professor Bator's 1973 letter) remarked, "As now cast,

Rule 1 would permit use of the rules under a habeas corpus action brought pursuant to § 2241, when § 2255 was otherwise inappropriate."

In the Advisory Committee Notes (1976 Adoption) to Rule 1, no specific reference is made that the 2254 Rules may apply to § 2241 petitions for writs of habeas corpus. The Notes simply state, "[w]hether the rules ought to apply to other situations is left to the discretion of the court." Examples of "other situations" include a person in active military service, or a reservist called to active duty, but who has not reported. The Notes then address the "unclear" boundaries of the custody requirement of the habeas statutes.

When the 2254 Rules were sent to Congress pursuant to 28 U.S.C. § 2072, Congress undertook to amend some of the Rules, but not Rule 1. The Court has reviewed the legislative history concerning adoption of the 2254 Rules (Pub.L. No. 94–426, House Report No. 94–1471, Senate Report No. 1797, and the Congressional Record for September 14, 1976 (House), and September 16, 1976 (Senate)). There was no discussion concerning the scope of the 2254 Rules and their applicability to § 2241 petitions.

The Court has carefully considered Rules 1, 4 and 11 of the 2254 Rules, Rule 81 of the Federal Rules of Civil Procedure, the Advisory Committee Notes for all those Rules, and 28 U.S.C. §§ 2241 *et seq.* The 1971 Amendment to Rule 81(a)(2) increased to forty days the additional time that the district court may allow in habeas corpus proceedings involving persons in custody pursuant to a judgment of a state court. The amendment explicitly excluded habeas corpus cases like that of Petitioner, and left the additional time period at 20 days. The 1976 Adoption of the 2254 Rules, which became effective February 1, 1977, permits the district court, in Rule 4, to fix the time within which the respondent shall file an answer or other pleading. In the Fifth and Eleventh Circuits, the practice, even in § 2254 cases, is to order the respondent to file an answer "within the period of time fixed by the court," which is "3 days unless for good cause shown additional time is allowed which ... shall not exceed 40 days...." Bagwell, David A., "Procedural

Aspects of Prisoner § 1983 and § 2254 Cases in the Fifth and Eleventh Circuits," 95 F.R.D. 435, 461 (1982).

The Court has also reviewed the following cases: *Kramer v. Jenkins*, 108 F.R.D. 429 (N.D.Ill.1985); *Bennett v. Collins*, 835 F.Supp. 930 (E.D.Tex.1993); *Clutchette v. Rushen*, 770 F.2d 1469 (9th Cir.1985); *Bermudez v. Reid*, 570 F.Supp. 290 (S.D.N.Y. 1983), *stay granted*, 720 F.2d 748 (2d Cir. 1983), *rev'd*, 733 F.2d 18 (2d Cir.1984); *U.S. ex rel. Mattox v. Scott*, 507 F.2d 919 (7th Cir.1974); *Troglin v. Clanon*, 378 F.Supp. 273 (N.D.Cal.1974). *Bennett* applies Rule 81(a)(2) to §§ 2241 and 2254 cases, and notes that "[t]he emphasis on a timely response makes sense in so far as the purpose of the writ is to allow a person in custody to challenge a wrongful, perhaps unconstitutional, imprisonment." 835 F.Supp. at 934–35. When confronted with repeated and extraordinary delay by respondent in answering, the *Bennett* court held that respondent had waived the procedural default defense to the petition.

In *Clutchette v. Rushen*, 770 F.2d 1469, 1475 (9th Cir.1985), the Ninth Circuit held that in a § 2254 case, the district court had discretion to grant respondent an extension of time which exceeded the 40–day limit of Rule 81(a)(2).

The Second Circuit held, in *Bermudez v. Reid*, 733 F.2d 18 (2d Cir.1984), that even in the face of inexcusable disregard by respondent of a district court order to respond to a petition, default judgment should not be granted, and the district court should reach the merits of the petitioner's claim.

*U.S. ex rel. Mattox v. Scott*, 507 F.2d 919 (7th Cir.1975), and *Troglin v. Clanon*, 378 F.Supp. 273 (N.D.Cal.1974), were both decided before the § 2254 Rules were promulgated. Nonetheless, both cases are of interest because they recognize Congress' strong interest in prompt responses being filed to habeas corpus petitions, the problem of a respondent who is slow to answer, and the necessity for flexibility by the district court in considering late returns.

 The Court recognizes that it is not unusual for the Fourth Circuit to look favor-

ably upon precedents and practices from the Fifth (and Eleventh) Circuits. However, given the historical information concerning the promulgation of Rule 1(b) of the § 2254 Rules, the nature of habeas corpus, and the difficulties of imposing strict sanctions on a respondent custodian who is slow to answer, the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases, and that Rule 4's allowance for discretion prevails over Rule 81(a)(2)'s strict time limits.

Accordingly, it is hereby **ORDERED** that the Motion to Reconsider Time Frame Order is granted, and Respondents shall file their answer to the Order to Show Cause on or before **February 17, 1997.**

The Clerk is directed to mail copies of this Order to counsel of record, including the Alderson Legal Assistance Program at Washington & Lee University School of Law.