Ysidro CASTILLO, Jr., ID # 24866–077, Petitioner,

v.

Sam L. PRATT, Warden, et al., Respondents.

No. 3:01–CV–1226–R.

United States District Court, N.D. Texas, Dallas Division.

Aug. 21, 2001.

Ysidro Castillo, Jr., Seagoville, TX, pro se.

## MEMORANDUM AND ORDER

BOYLE, United States Magistrate Judge.

Before the Court is a Motion for Expedited Ruling and Evidentiary Hearing filed June 25, 2001. Pursuant to 28 U.S.C. § 1657, petitioner, Ysidro Castillo, Jr. ("Castillo") seeks an order that gives this action priority and that the Court order an evidentiary hearing. Section 1657 provides that

[n]otwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action ... if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute ... would be maintained in a factual context

that indicates that a request for expedited consideration has merit.

For the reasons that follow, the Court overrules the motion.

■ Castillo has not shown good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition. He has not shown that the factual context of his case indicates that his requested expedited consideration has merit. He simply states that he requests immediate release from custody and attacks his current detention and the underlying conviction and sentence for which he is incarcerated. Such a request and attack differs little from the vast majority of habeas petitions filed with this Court. Most habeas petitioners attack their conviction and sentence and seek immediate release. Castillo has shown nothing that separates his filing from the filings that preceded it. He has not shown that, in the factual context of this case, his petition has such merit that expedited consideration is warranted.

Castillo cites *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) and relies upon their axioms that timely resolution is the cornerstone of habeas claims and that prompt decisions are important when undue delay would be highly prejudicial to petitioner. The Court does not quarrel with the stated axioms. Prompt consideration is undoubtedly important and a high priority of the courts. Federal courts strive to avoid undue delay that would prejudice petitioners. Castillo, however, has shown no undue delay here. Nor has he shown that any delay in this case has been or will be highly prejudicial to him.

■ To support his request for expedited consideration of his petition, Castillo cites to Fed.R.Civ.P. 81(a)(2) which he argues dictates that respondent be accorded not longer than twenty days to respond to a show cause order to be issued by the Court. He neglects to note, however, that Rule 81(a)(2) specifically states that "[t]hese rules are applicable to proceedings for … habeas corpus … to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(2). By its own terms, Rule 81(a)(2) defers to federal statutes addressing the practice and procedures to be followed in habeas actions.

In 1948 Congress enacted 28 U.S.C. § 2243 to govern the issuance of writs of habeas corpus, the returns or answers of respondents, as well as hearings and decisions on petitions for writs of habeas corpus. It provides that

[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall

be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require. 28 U.S.C. § 2243 (West 1994).

In 1976 and pursuant to 28 U.S.C. § 2072, the United States Supreme Court enacted the Rules Governing Section 2254 Cases in the United States District Courts [hereinafter 2254 Rules]. Rule 1 of these rules provides that courts, in their discretion, may apply the rules to habeas petitions other than those arising under 28 U.S.C. § 2254, *i.e.* those arising under § 2241. Rule 4 provides that the Court "shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." Rule 11 provides that "[t]he Federal Rules of Civil Procedure, to the extent they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."

The promulgating statute for the 2254 Rules, 28 U.S.C. § 2072, specifically provides in pertinent part:

(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrates thereof) and courts of appeals.

(b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. 28 U.S.C. § 2072 (West 1994).

Examining Fed.R.Civ.P. 81(a)(2), in conjunction with 28 U.S.C. §§ 2072 and 2243, as well as the 2254 Rules, the Court finds that the 2254 Rules take precedence over 28 U.S.C. § 2243 and Fed.R.Civ.P. 81(a)(2). The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. *See* Rule 1(b) of the 2254 Rules; *see also, Wyant v. Edwards,* 952 F.Supp. 348, 352 (S.D.W.Va.1997). Congress intended for rules promulgated pursuant to 28 U.S.C. § 2072 to supplant "[a]ll laws in conflict with such rules." *See* 28 U.S.C. § 2072(b). The discretion accorded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243 and Fed.R.Civ.P. 81(a)(2). *See Wyant,* 952 F.Supp. at 352.

For all the preceding reasons, the Court will not give priority to the petition filed in this action. It will not require the respondent to comply with the strict time limits of 28 U.S.C. § 2243 and Fed.R.Civ.P. 81(a)(2). *See Wyant,* 952 F.Supp. at 350, 352 **(recognizing that such time limits "may be unrealistic, given the volume of prisoner habeas corpus litigation (and the inexpensive filing fee of $5.00)").** The Court will address petitioner's writ of habeas corpus in due course. It will proceed in accordance with the 2254 Rules as is its practice in habeas actions filed pursuant to sections 2241 and 2254 of Title 28 of the United States Code.

■ Castillo also seeks an order for an evidentiary hearing. Rule 8(a) of the 2254 Rules governs when the Court should order such a hearing. It provides:

If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of

those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Rule 8 provides no basis for a petitioner to seek an evidentiary hearing. It directs the Court to make a determination of whether such hearing is required, after respondent has filed an answer and the state court records.

Not only does Rule 8 provide no basis for petitioner to request an evidentiary hearing, such a request would be premature even were it permitted by the rule. Respondent has not filed an answer with accompanying state court records. The determination required by Rule 8 thus cannot yet occur. Before determining whether an evidentiary hearing is required, the Court must review the record of the state court proceedings.

For the foregoing reasons, the Court overrules the Motion for Expedited Ruling and Evidentiary Hearing filed June 25, 2001.